UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        Plaintiff,

v.

                        Case # 15-CR-6173-FPG

                        DECISION AND ORDER

EMMANUEL FEASTER,

                        Defendant.

## INTRODUCTION

*Pro se* Defendant Emmanuel Feaster brings a Motion to Arrest Judgment (ECF No. 113) pursuant to Federal Rule of Criminal Procedure 34. On December 15, 2015, Defendant was charged with violating 18 U.S.C. § 922(g)(1) in a one-count Indictment. ECF No. 1. After a three-day trial, on March 21, 2018, a jury found Defendant guilty on the single count charged. *See* ECF Nos. 108–11. In his instant Motion, Defendant argues that the Court lacked subject-matter jurisdiction over the charge under § 922(g)(1). *See* ECF No. 113. For the reasons that follow, Defendant's Motion is DENIED.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 34 instructs that, "[u]pon the defendant's motion or its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34(a). A motion brought under Rule 34 must be filed "within 14 days after the court accepts a verdict or finding of guilty."[1] Fed. R. Crim. P. 34(b). In considering a Rule 34 motion, the Court looks only to the face of the record, which "includes no more than the indictment,

---

[1] Defendant filed his Motion on March 28, 2018, which was timely. *See* ECF No. 113.

1

the plea, the verdict- when the plea is 'not guilty'- and the sentence." *United States v. Bradford*, 194 F.2d 197, 201 (2d Cir. 1952). Such motions "are rarely made, and it is even rarer that they are granted." *United States v. Logan*, 845 F. Supp. 2d 499, 514–15 (E.D.N.Y. 2012) (quoting *United States v. Campbell*, No. 02-80863, 2006 WL 3694618, at *4 (E.D. Mich. Dec. 13, 2006)).

## DISCUSSION

Defendant argues that the Court lacked subject-matter jurisdiction because the State of New York has not ceded its lands—specifically, "517 Frost Ave in the City of Rochester"—to the federal government for acceptance of jurisdiction. *See* ECF No. 113, at 3–8. In that vein, he maintains that "the charge 922(g)(1) that is alleged in the Indictment . . . herein is only to be 'punished' where the federal government has exclusive or concurrent jurisdiction, over the exact geographical location." *Id.* at 4.

Defendant is flatly incorrect. The Second Circuit has "reiterate[d] that § 922(g)[] . . . is properly within Congress's authority under the Commerce Clause." *United States v. Santiago*, 238 F.3d 213, 217 (2d Cir. 2001). Indeed, § 922(g)(1) "forbids the possession or receipt by a felon of a firearm *in or affecting commerce* and was thus enacted by Congress under its power to regulate commerce 'with foreign Nations, and among the several states.' " *Davis v. United States*, No. 03-CV-1149 (ILG), 2003 WL 21056988, at *2 (E.D.N.Y. Mar. 17, 2003) (quoting U.S. Const. art. I, § 8, cl. 3) (emphasis added) (addressing a similar jurisdictional argument against prosecution under § 922(g)(1)).

Defendant acknowledges 18 U.S.C. § 3231, *see* ECF No. 113, at 6, which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States," 18 U.S.C. § 3231. The law under

which Defendant was charged and convicted—§ 922(g)(1)—is indisputably a "law of the United States," as described in § 3231. Section 922(g)(1) instructs:

> It shall be unlawful for any person[] . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year[] . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Pursuant to § 3231, by virtue of the Indictment charging Defendant under § 922(g)(1)—a law of the United States—this Court had subject-matter jurisdiction over the matter. *See, e.g.*, *Ortiz v. United States*, No. 3:06CV01486(AWT), 2007 WL 1322377, at *2 (D. Conn. May 7, 2007).

## CONCLUSION

For the reasons stated, Defendant's Motion to Arrest Judgment (ECF No. 113) is DENIED.

IT IS SO ORDERED.

Dated: April 11, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court